DICKINSON, Presiding Justice,
for the Court:
¶ 1. Helen Schroeder was a passenger in an automobile being driven by her husband, Harry Schroeder, when a log truck collided with the rear of the automobile, killing Harry and severely injuring Helen, who, since the accident, has substantially diminished mental capacity. In a federal lawsuit, Helen — both individually and as one of Harry’s wrongful-death beneficiaries — claimed the truck driver was at fault and denied that Harry was negligent. After the federal judge denied the defendant’s motion for summary judgment, Helen settled the federal suit. Helen then sued Harry’s estate in state court, claiming Harry was partially at fault. The circuit court granted summary judgment to the estate based on the doctrine of judicial estoppel. But, because the federal judge stated his denial of summary judgment was based on his finding of genuine issues of material fact as to the truck driver’s negligence, not “Harry Schroeder’s potential contributory negligence,” we reverse.
*558 FACTS AND PROCEDURAL HISTORY
¶ 2. A log truck driven by Royce Sullivan collided with the rear of an automobile driven by Harry Schroeder, who had just pulled his car onto a highway in Lowndes County. Harry died as a result of the accident, and his wife, Helen — who was a passenger in her husband’s car — suffered severe injuries, permanent disability, and diminished mental capacity.
¶ 3. Helen — both individually, and as one of Harry’s wrongful-death beneficiaries— sued Sullivan in federal court, alleging that Sullivan’s negligence had caused Harry’s death and her permanent disability. In requests for admission, Sullivan asked Helen -to admit that Harry’s negligence had caused the accident. Helen denied negligence on the part of her husband and stated that, but for Sullivan’s negligence, Harry safely could have entered the highway.
¶ 4. Sullivan moved for summary judgment at the close of discovery, arguing that the . uncontradicted evidence established Harry’s negligence as the sole cause of the accident. In denying summary judgment, the federal judge stated that the evidence created a jury question as to Sullivan’s fault, and that “plaintiffs do not appear to dispute Harry Schroeder’s potential contributory negligence.” The parties settled and agreed to a release of claims, and the district court dismissed the case.
¶ 5. Then, Kathryn Schroeder, with power of attorney for and on behalf of Helen Schroeder, filed suit against the Estate of Harry Schroeder in the Circuit Court of Lowndes County, alleging that Harry negligently had failed to yield the right of way and had pulled in front of Sullivan’s log truck at an extremely slow rate of speed, causing the accident which resulted in Helen’s permanent disability.
¶ 6. The estate moved for summary judgment, arguing that Helen had pleaded facts in her complaint materially different from those she had asserted in the federal district court. The estate claimed that Helen’s circuit-court complaint directly contradicted her responses to the requests for admission in federal court, and that the trial court should grant summary judgment based on the doctrines of judicial and equitable estoppel. The estate further argued that the settlement and release of claims in federal court barred the circuit-court action under the doctrines of accord and satisfaction, release, and merger.
¶ 7. Helen responded that judicial and equitable estoppel could not bar the present action because the parties were not adverse in the prior action and because any change in her theory of the case resulted from information she had learned during discovery in the federal-court case. Helen explained that she had instituted the federal action under the belief that Sullivan was solely at fault, but she had learned of her husband’s contributory negligence during discovery. Helen further argued that the settlement and release pertained only to claims against Sullivan, not her husband’s estate.
¶ 8. The trial judge granted summary judgment in favor of the estate, finding that Helen was judicially estopped from bringing her claim that Harry had caused the accident. Although the trial court found that Helen had discovered her husband’s potential fault during discovery, the court determined that Helen consciously had decided not to join the estate at that juncture to avoid losing diversity jurisdiction, and therefore, her inconsistencies were not inadvertent. The trial court did not reach the merits of the estate’s arguments as to equitable estoppel, accord and satisfaction, release, and merger.
*559 ¶ 9. Helen appealed, arguing that judicial estoppel cannot apply because the parties were not adverse in the original proceeding and because her present claim is not inconsistent with her position in federal court. She also claims that the trial court should not have considered the denied requests for admission when applying judicial estoppel.
ANALYSIS
I.The trial court did not err by considering the denied federal requests for admission while applying the doctrine of judicial estop-pel.
¶ 10. Helen argues that the trial court erred by considering Sullivan’s requests for admission and her responses thereto when determining whether the doctrine of judicial estoppel should bar the present case. We disagree.
¶ 11. The only authority Helen cites in support of her argument is Mississippi Rule of Civil Procedure 36(b), which states in its relevant part:
Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.[1]
But the appellant’s reliance on Rule 36 is misplaced. First, Rule 36(b) addresses “[a]ny admission made by a party under this rule.”[2], Sullivan propounded these requests for admission during discovery in federal court pursuant to Federal Rule of Civil Procedure 36,[3] which is substantially similar to, but not the same as, the Mississippi state-court rule. The appellant’s reliance on a Mississippi rule is simply misplaced.
¶ 12. Also, the rule addresses the use of admissions by a party.[4] Helen admitted nothing. She denied the relevant requests. Neither the federal rule nor the state rule addresses denials to requests for admission.
¶ 13. Finally, even if Rule 36 were relevant, it would defy logic for this Court to hold that a court cannot consider responses to requests for admission when determining whether judicial estoppel bars a subsequent claim. In applying the doctrine, this Court has considered positions taken by various means, including allegations in a complaint,[5] witness testimony,[6] and failure to disclose a claim in bankruptcy.[7]
¶ 14. Our purpose is not to bind the party to a certain position, but to bar the pursuit of a second, inconsistent claim.[8] So, considering responses to requests for admission in a prior action does not use the response as “an admission by him for any other purpose” or “against him in any other proceeding,”[9] because the responses serve only to determine whether the party took an inconsistent prior position. Accordingly, we hold the trial judge did not err by considering Helen’s responses to *560 Sullivan’s federal-court requests for admission.
II. The trial judge applied the correct test for judicial estoppel.
¶ 15. The doctrine of “^Judicial estoppel is designed to protect the judicial system and applies where ‘intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.’ ”[10] Judicial estoppel arises when one party asserts a position contrary to one taken in prior litigation.[11] “Judicial estoppel precludes a party from asserting a position, benefítting from that position, and then, when it becomes more convenient or profitable, retreating from that position later in the litigation.”[12]
¶ 16. In Kirk v. Pope, this Court held that there are three elements of judicial estoppel.[13] A party will be judicially estopped from taking a subsequent position if (1) the position is inconsistent with one previously taken during litigation, (2) a court accepted the previous position, and (3) the party did not inadvertently take the inconsistent positions.[14] In Kirk, this Court found that judicial estoppel barred a litigant from recovering on a claim in circuit court which the litigant failed to disclose in a federal bankruptcy proceeding.[15] Here, the trial judge relied on Kirk in finding that judicial estoppel barred Helen’s claim against the estate.
¶ 17. Helen argues that the test articulated by this Court in Kirk and relied on by the trial judge is an incomplete statement of the elements of judicial estoppel under Mississippi law. Specifically, Helen argues that the parties in the present case must have been adverse in the prior case in order for the doctrine to apply; and because she was not adverse to the estate in federal court, she argues that the doctrine should not bar her claim against the estate, even if it is inconsistent with her prior positions.
¶ 18. In several cases, this Court has stated that the doctrine of judicial estoppel is “based on expedition of litigation between the same parties”[16] and “will be applied in civil cases where there is multiple litigation between the same parties.”[17] In Thomas v. Bailey, this Court explicitly stated that the doctrine of judicial estoppel “is inapplicable unless the parties were *561 adverse in the original proceedings.”[18] As recently as 2002, this Court relied on that language from Thomas when applying the doctrine.[19] Further, in Hoover v. State, this Court declined to extend the doctrine to a criminal case because the parties were not identical.[20]
¶ 19. Other opinions of this Court have discussed the doctrine without addressing whether the parties must be adverse in a prior proceeding.[21] In several cases, we found judicial estoppel inapplicable for failure to meet some other element of the doctrine.[22] In others, we invoked the doctrine to bar a claim, but without stating that the parties must be adverse in a prior proceeding.[23]
¶ 20. Then, in 2007, we issued our opinion in Kirk,[24] in which the plaintiff filed suit in circuit court[25] and the defendant argued that the plaintiff should be judicially estopped from bringing a claim that he failed to disclose in a federal bankruptcy proceeding.[26] The circuit-court defendant was not a party to the bankruptcy proceeding.[27] We held that there were only three elements of judicial estoppel: (1) inconsistent positions, (2) acceptance by the court, and (3) a lack of inadvertence.[28] In so holding, we failed expressly to overrule any of our prior opinions that required adverse parties for the application of judicial estoppel. This created the ambiguity in the law raised by Helen today.[29]
¶ 21. Accordingly, we take this opportunity to clarify that our opinion in Kirk eliminated the adverse-party require *562 ment and overruled our prior judicial-es-toppel opinions insofar as they included such a requirement. The purpose of judicial estoppel is to prevent parties from knowingly taking a position in one court that is contrary to a position that party has asserted in, and that has been accepted by, another court. This purpose is served regardless of whether the inconsistent positions were taken in opposition to the same party. Here, the trial judge applied the correct elements of judicial estoppel by citing our Kirk opinion.
III. The doctrine of judicial estoppel does not bar the plaintiff from pursuing her claim in circuit court.
¶ 22. Helen argues that, for several reasons, the trial court erred by granting summary judgment on the basis of judicial estoppel. She suggests that her positions are not inconsistent, because she never took a position in federal court that would exclude the possibility of contributory negligence on the part of her husband. She also argues that, even if her positions were inconsistent, the contradiction was the result of inadvertence, because she did not learn of her husband’s potential negligence until late in discovery in the federal case, when she learned of the defendant’s expert’s opinions.
¶ 23. But we need not determine whether Helen’s positions actually were knowingly inconsistent because we find it abundantly clear from the record that, when the federal district court denied Sullivan’s motion for summary judgment, he was not required to accept or rely on Helen’s prior position — an absolute requirement for the application of judicial estoppel.
¶ 24. Helen’s lawsuit in federal court never went to trial. Rather, the plaintiffs reached a settlement agreement with Sullivan. In the present case, the trial judge granted summary judgment based on his conclusion that the federal court accepted and relied on Helen’s prior position. He did not (see supra at ¶ 23). The settlement agreement evidenced the trial court’s acceptance of Helen’s prior position. But the federal court accepted the settlement by order granting a joint motion for dismissal. The parties executed a release of claims in conjunction with their settlement that stated the settlement was not an admission of fault by Sullivan.
CONCLUSION
¶ 25. We hold that the trial court erred in applying the doctrine of judicial estop-pel. We reverse the trial court’s grant of summary judgment in favor of the estate. But because the trial court disposed of the motion on judicial estoppel alone, failing to reach the merits of the estate’s claims of equitable estoppel, accord and satisfaction, release, and merger, we remand this case to the trial court to address those claims.
¶ 26. REVERSED AND REMANDED.
WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.

. Miss. R. Civ. P. 36(b).

. Miss. R. Civ. P. 36(b) (emphasis added).

. Fed.R.Civ.P. 36(b).

. Miss. R. Civ. P. 36(b).

. Banes v. Thompson, 352 So.2d 812, 815 (Miss.1977).

. Mississippi Power & Light Co. v. Cook, 832 So.2d 474, 482 (Miss.2002).

. Kirk v. Pope, 973 So.2d 981, 991 (Miss.2007).

. Daughtrey v. Daughtrey, 474 So.2d 598, 602 (Miss.1985).

. Miss. R. Civ. P. 36(b).

. Kirk, 973 So.2d at 991 (quoting Browning Mfg. v. Mims, 179 F.3d 197, 205 (5th Cir. 1999) (quoting Scarano v. Central R.R. Co., 203 F.2d 510, 513 (3d Cir.1953))).

. Thomas v. Bailey, 375 So.2d 1049, 1052-53 (Miss.1979) (citing Banes, 352 So.2d 812; Wright v. Jackson Mun. Airport Auth., 300 So.2d 805 (Miss.1974); Sullivan v. McCallum, 231 So.2d 801 (Miss.1970)).

. In re Estate of Richardson, 903 So.2d 51, 56 (Miss.2005) (quoting Dockins v. Allred, 849 So.2d 151, 155 (Miss.2003)).

. Kirk, 973 So.2d at 991.

. Id. (quoting In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir.2004)).

. Id. at 992.

. Rankin v. American Gen. Fin., Inc., 912 So.2d 725, 728 (Miss.2005); In re Mun. Boundaries of City of Southaven, 864 So.2d 912, 918 (Miss.2003); In re Estate of Blanton, 824 So.2d 558, 563 (Miss.2002); Mauck v. Columbus Hotel Co., 741 So.2d 259, 264 (Miss.1999); Skipworth v. Rabun, 704 So.2d 1008, 1015 (Miss.1996) (McRae, J., dissenting); Hoover v. State, 552 So.2d 834, 838 (Miss.1989); Wright, 300 So.2d at 809; Sullivan, 231 So.2d at 803.

. Rankin, 912 So.2d at 728; In re Mun. Boundaries of City of Southaven, 864 So.2d at 919; In re Estate of Blanton, 824 So.2d at 563; Mauck, 741 So.2d at 264; Skipworth, 704 So.2d at 1015 (McRae, J., dissenting); Hoover, 552 So.2d at 838.

. Thomas, 375 So.2d at 1053 (citing Pinell v. Roppo, 134 Wash. 158, 234 P. 1035 (1925)).

. In re Estate of Blanton, 824 So.2d at 563.

. Hoover, 552 So.2d at 838.

. See, e.g., Dockins, 849 So.2d at 155; Mississippi Power & Light Co., 832 So.2d at 482; State ex rel. Holmes v. Griffin, 667 So.2d 1319, 1324 (Miss.1995); Merchants Nat’l Bank v. Stewart, 608 So.2d 1120, 1127-28 (Miss.1992); O’Neill v. O’Neill, 551 So.2d 228, 232 (Miss.1989); Daughtrey, 474 So.2d at 602; Banes, 352 So.2d at 815; Coral Drilling, Inc. v. Bishop, 260 So.2d 463, 466 (Miss.1972); Great Southern Box Co. of Miss. v. Barrett, 231 Miss. 101, 94 So.2d 912, 916 (Miss.1957); Mississippi State Highway Comm'n. v. West, 181 Miss. 206, 179 So. 279, 283 (Miss.1938).

. Dockins, 849 So.2d at 155 (holding judicial estoppel did not apply because the party did not benefit from the inconsistent positions); Mississippi Power & Light Co., 832 So.2d at 482 (holding judicial estoppel did not apply because the inconsistency was not knowing); Merchants Nat'l Bank, 608 So.2d at 1127-28 (holding judicial estoppel did not apply because the inconsistency was not knowing); O’Neill, 551 So.2d at 232 (holding judicial estoppel did not apply because the positions were not inconsistent); Banes, 352 So.2d at 815 (holding judicial estoppel did not apply because the positions were not inconsistent); Mississippi State Highway Comm'n, 179 So. at 283 (holding that judicial estoppel did not apply in a proceeding where the petitioner is required to name all persons who may have an interest in property).

. Daughtrey, 474 So.2d at 602 (invoking judicial estoppel where the same parties previously litigated their property interests in a different proceeding); Great Southern Box Co. of Miss., 94 So.2d at 916 (invoking judicial estoppel to bar a change of position within the same litigation and between the same parties).

. Kirk, 973 So.2d at 981.

. Id. at 984.

. Id. at 991.

. Id.

. Id. (citing Superior Crewboats, Inc., 374 F.3d at 335).

. In 2011, we reaffirmed our holding in Kirk in a second case dealing with judicial estoppel by way of failure to disclose a claim in bankruptcy. Copiah County v. Oliver, 51 So.3d 205, 207 (Miss.2011).