JAMES, J.,
for the Court:
¶ 1. Shirley Adams filed a complaint as the sole heir of her deceased mother, Dorothy Turner, against Graceland Care Center of Oxford LLC (Graceland Care Center), Graceland Management Company Inc. (Graceland Management), Yalobusha General Hospital and Nursing Home (Ya-lobusha), and Lafayette LTC Inc. (Lafay *599 ette) (collectively “Defendants”). The Defendants moved for summary judgment based on judicial estoppel because Adams failed to disclose the lawsuit by amending her schedule of assets in her pending bankruptcy proceeding. The trial court granted the motion and dismissed the case with prejudice. On appeal, Adams argues that the trial court erred by granting summary judgment. We agree and remand this case to proceed to trial.
FACTS AND PROCEDURAL HISTORY
¶2. On August 9, 2004, Adams filed a .Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Mississippi. On February 1, 2005, Adams’s five-year bankruptcy plan was confirmed, and she made regular payments in accordance with her plan. On December 7, 2007, Adams’s mother, Turner, died while living in Graceland Care Center’s nursing-home facility. On May 14, 2008, Adams initiated a personal-injury/wrongful-death cause of action against Graceland Care Center, Graceland Management, and Lafayette in her individual capacity and as the survivor and heir of her deceased mother. On January 12, 2009, Adams, the only child and sole wrongful-death beneficiary, filed a second amended complaint adding Yalobusha as a defendant, alleging that Turner suffered personal injuries and death as a result of substandard healthcare services provided to her while she was a resident at Yalobu-sha. Although Adams’s bankruptcy ease was still pending, she failed to amend her schedules to add the cause of action as an asset of her bankruptcy estate prior to completing her payment plan and the bankruptcy court granting her a discharge on March 31, 2009.
¶ 3. On August 19, 2009, the Defendants discovered through Adams’s deposition testimony that she had previously filed bankruptcy, and did not list the cause of action as an asset in her bankruptcy estate. On August 28, 2009, Yalobusha moved for summary judgment based on Adams’s failure to disclose her lawsuit, and argued that judicial estoppel barred her from pursing the claim. The remaining Defendants joined in Yalobusha’s motion. On October 13, 2009, Adams moved to reopen her bankruptcy case for the purpose of adding her cause of action to the schedules. On October 16, 2009, the bankruptcy court granted Adams’s motion, and she amended her schedules listing the cause of action as an asset on October 20, 2009.[1] The trial court, by letter dated September 13, 2010, stated that it would grant the Defendant’s motion for summary judgment. However, on October 15, 2010, Adams filed a motion for reconsideration in light of the Mississippi Supreme Court’s decision in Copiah County v. Oliver, 51 So.3d 205, 207 (¶ 12) (Miss.2011).
¶4. On December 19, 2011, the trial court, following the supreme court’s decision in Oliver, entered an order staying the proceedings until the bankruptcy court made a decision on the sole question of “whether Adams had a duty to disclose her personal injury/wrongful death cause of action as an asset of her bankruptcy estate.” The bankruptcy court held an evi- *600 dentiary hearing on Adams’s and the Defendants’ cross-motions for declaratory judgments on whether the affirmative- defense of judicial estoppel was applicable. Following the hearing, the bankruptcy court wished to ascertain whether the Chapter 13 trustee had an interest in pursuing the state cause of action. The trustee was given an opportunity to review the factual issues in both the bankruptcy case and the state court proceeding before submitting a response to the bankruptcy court. On July 30, 2012, the trustee submitted a letter to the bankruptcy court, which stated:
After reviewing the timely filed and allowed general unsecured claims which total $4,719.53, the trustee reports that she would abandon any settlement or judgment proceeds and not administer the payment of such on behalf of the bankruptcy estate.
¶ 5. On October 12, 2012, the bankruptcy court rendered its opinion finding “that Adams had a continuing duty throughout the pendency of her bankruptcy case to disclose the state law cause of action.” In re Adams, 481 B.R. 854, 859 (Bankr.N.D.Miss.2012). However, the bankruptcy court left the issue of judicial estoppel for the trial court to decide. Id. at 861-862.
¶ 6. Following the bankruptcy court’s decision, the Defendants renewed their motion for summary judgment. On April 13, 2013, the trial court granted the Defendants’ motion for summary judgment finding that “based on [Adams’s] own affidavit and deposition testimony, she had knowledge of the facts supporting her cause of action prior to the discharge of her [Chapter 13 proceeding.” Adams argues that the trial court erred by granting summary judgment. We agree and find that there is a genuine issue of material fact as to whether Adams’s failure to amend her bankruptcy schedules was an intentional self-contradiction, knowingly made, or amounted to a willfully false representation. Accordingly, we reverse the trial court’s decision granting summary judgment-and remand the1 case to proceed to trial,
STANDARD OF REVIEW
¶ 7. A trial court’s imposition of judicial estoppel is subject to review under an abuse-of-discretion standard. Kirk v. Pope, 973 So.2d 981, 986 (¶ 11) (Miss.2007) (citing Superior Crewboats, Inc. v. Primary P & I Underwriters, 374 F.3d 330, 334 (5th Cir.2004); Hall v. GE Plastic Pacific PTE Ltd., 327 F.3d 391, 396 (5th-Cir.2003)). However, in Oliver, 51 So.3d at 207 (¶ 7), the supreme court applied the de novo standard in reviewing a trial court’s denial of a motion for summary judgment on the basis of judicial estoppel. Because the trial court granted the Defendant’s motion for summary judgment, wfe will review the trial court’s decision under a de novo standard. See id. at 206-07 (¶¶ 6-8).
¶ 8, In Karpinsky v. American National Insurance Co., 109 So.3d 84, 88 (¶ 10) (Miss.2013), the Mississippi Supreme Court summarized the summary-judgment standard:
Summary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Importantly, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not *601 so respond, summary judgment, if appropriate, will be entered against him.
(Internal citations and quotation marks omitted). “Additionally, the evidence must be viewed in the light most favorable to the party against whom the motion has been made.” One S., Inc. v. Hollowell, 963 So.2d 1156, 1160 (¶ 6) (Miss.2007). “The moving party has the burden of demonstrating that no genuine issue of material facts exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact.” Duckworth v. Warren, 10 So.3d 433, 437 (¶ 9) (Miss.2009). “Further, summary judgment is inappropriate where there are undisputed facts which are susceptible to more than one interpretation.” Id,
DISCUSSION
¶ 9. The sole issue before this Court is whether the doctrine of judicial estoppel bars Adams from pursuing her cause of action against the Defendants for failing to amend her schedule of assets in the bankruptcy court to include her cause of action prior to the completion of her plan and discharge.[2] Adams argues that summary judgment was not proper because her nondisclosure was inadvertent.
¶ 10. The doctrine of judicial es-toppel should be applied to prevent a party from achieving an unfair advantage by taking inconsistent positions in litigation. Oliver, 51 So.3d at 207 (¶ 9). “In order to protect the integrity of the judiciary, judicial estoppel must be invoked in the Court in which the apparent self-serving contradiction occurred and in which the defense is first asserted.” Kirk, 973 So.2d at 991 (¶ 31).
¶ 11. In Kirk v. Pope, the supreme court identified three elements of judicial estoppel. Clark v. Neese, 131 So.3d 556, 560 (¶ 16) (Miss.2013). “A party will be judicially estopped from taking a subsequent position if (1) the position is inconsistent with one previously taken during litigation, (2) a court accepted the previous position, and (3) the party did not inadvertently take the inconsistent positions.” Id.
¶ 12. “Judicial estoppel is designed to protect the judicial system and applies where intentional self-contradiction is being used as a means of obtaining [an] unfair advantage in a forum provided for suitors seeking justice.” Kirk, 973 So.2d at 991 (¶ 31) (emphasis added). “The purpose of judicial estoppel is to prevent parties from knowingly taking a position in one court that is contrary to a position that party has asserted in, and that has been accepted by, another court.” Clark, 131 So.3d at 562 (¶21) (emphasis added).
¶ 13. In Kirk, this Court applied judicial estoppel against the plaintiff after he failed to disclose a breach-of-contract action to the bankruptcy court. Kirk, 973 So.2d at 992 (¶ 38). However, we find that this case is distinguishable from Kirk. Kirk was decided under an abuse-of-discretion standard of review. Id. at 986 (¶ 11). Like Oliver, this appeal proceeds from a decision on a summary-judgment motion, which is reviewed de novo. See Oliver, 51 So.3d at 207 (¶ 7).
¶ 14. The facts of Kirk are also distinguishable from the facts of this case, specifically the representations, or lack *602 thereof, made regarding their respective lawsuits. In Kirk, the court found that Kirk’s nondisclosure of the lawsuit was not inadvertent. Kirk, 973 So.2d at 992 (¶ 38). There, the trial court determined that Kirk was “less than candid with his bankruptcy attorney regarding the status of his lawsuit.” Id. at (¶ 37). Based on Kirk’s misrepresentations, his bankruptcy attorney operated under the impression that his lawsuit had been dismissed, and did not list the lawsuit on Kirk’s bankruptcy schedules. Id. at 991-92 (¶¶ 36-37). Moreover, Kirk did not disclose his lawsuit to the bankruptcy court until after he had obtained a final judgment. Id. at 992 (¶ 37). Specifically, the court found:
While we cannot be certain of Kirk’s motivation, we find there was sufficient evidence for the circuit court to conclude that Kirk’s non-disclosure was not inadvertent and that Kirk notified the bankruptcy trustee only because the defendants forced his hand. We cannot say that the circuit court abused its discretion in finding that Kirk intended to conceal his claim from the bankruptcy court in order to reap a windfall by preventing his creditors from recovering any proceeds of a potential judgment. See [Superior Crewboats, 374 F.3d] at 336. Therefore, we find that the circuit court did not err in finding that judicial estoppel applied to Kirk.
Kirk, 973 So.2d at 992 (¶ 38).
¶ 15. The Kirk court remanded the case to the trial court and found that the bankruptcy trustee should not be judicially estopped from pursuing the claim, but invoked judicial estoppel against Kirk individually to prevent him from recovering any proceeds of the judgment. Id. at (¶ 40). The court reached this conclusion because, “should the trustee recover more than the amount to satisfy all creditors, judicial estoppel could be invoked by the defendant to limit recovery to only that amount and prevent an undeserved windfall from devolving on the non-disclosing debtor.” Id. at (¶ 39).
1116. Adams’s behavior cannot be equated to the affirmative misrepresentations made by the plaintiff in Kirk. Here, there is no evidence that Adams made any affirmative misrepresentation with the intent to mislead the bankruptcy court. Like Kirk, Adams did not disclose her claim until it was brought out by the defendants, but Adams did not wait until she obtained a judgment to reopen her bankruptcy case and disclose her cause of action. When she learned of her continuing duty to disclose her cause of action, Adams immediately moved to reopen her bankruptcy case and amend her schedule of assets, although she was nearing the completion of her five-year payment plan.
¶ 17. Adams’s actions should not be imputed as willful, because it involved a ruling to be made by the court as to whether she had a continuing duty to disclose in her Chapter 13 bankruptcy proceedings. Also, this cause of action accrued when Adams’s mother died on December 7, 2007. Adams stated that she was not aware that she had to disclose the cause of action in her bankruptcy case, which had been filed on August 9, 2004. Adams’s bankruptcy attorney, who assisted in reopening Adams’s bankruptcy case, submitted an affidavit on her behalf stating that he “was convinced[,] and remains so, that Ms. Adams was an ‘unsophisticated consumer’ who failed to list her lawsuit as a result of inadvertence only.” Her plan had been confirmed on February 1, 2005, and her mother died nearly three years later. She cannot be said to have had the same conscious awareness of her mother’s cause of action that vested with her at her *603 mother’s death that she would have if it were her own personal cause of action.
¶ 18. “A debtor’s non-disclosure is inadvertent only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.” Kirk, 978 So.2d at 991 (¶ 85) (emphasis added) (citing Superior Crewboats., 374 F.3d at 335) (quoting In re Coastal Plains, Inc., 179 F.3d 197, 210 (5th Cir.1999)). The Fifth Circuit Court of Appeals decision in Coastal Plains, 179 F.3d at 210, is instructive on this issue. In adopting this general inadvertence rule, the court cited Dawson v. J.G. Wentworth & Co., 946 F.Supp. 394 (E.D.Pa.1996), which held that although a debtor disclosed his claim in the amended bankruptcy schedules, a fact issue regarding the debtor’s good or bad faith in not disclosing the claim in the original bankruptcy schedules precluded summary judgment based on judicial estoppel. Coastal Plains, 179 F.3d at 210 n. 9. In Dawson, the court refused to infer bad faith merely from the fact of nondisclosure because the record in that case created enough of a question regarding the debtor’s intent so as to preclude the application of the extreme remedy of judicial estoppel. Dawson, 946 F.Supp. at 398. Therefore, the Fifth Circuit has recognized that a fact issue regarding a debtor’s good or bad faith in not disclosing a claim may preclude summary judgment. See also McKinney v. BancorpSouth Bank, No. 1:12-cv-00186-MPM-DAS, 2013 WL 3834878, at *1 (N.D.Miss. July 24, 2013) (“Judicial estop-pel does not apply when the prior position was taken because of a good faith mistake rather than as part of a scheme to mislead the court.”).
¶ 19. In Kirk, the court stated that “the representation must be willfully false, or must have the effect of misleading the other party to his injury.” Kirk, 973 So.2d at 991 (¶ 35) (emphasis added) (quoting Miss. Power & Light Co. v. Cook, 832 So.2d 474, 482 (¶22) (Miss.2002)). In Cook, the debtor had knowledge of his pending lawsuit, but he did not disclose the lawsuit in bankruptcy court because he thought it would not amount to anything, and his attorney advised him that it was not necessary to disclose it to the bankruptcy court. Cook, 832 So.2d at 481-82 (¶¶ 20-22). The Mississippi Supreme Court held that the debtor was not barred by the doctrine of judicial estoppel because “[the debtor] did not make a willfully false statement!.]” Id. at 482 (¶ 22). The court noted:
[T]he jury heard what [the debtor] said was his reason for not disclosing this information to the bankruptcy court, and the jury was allowed to take this into consideration in determining the credibility of [the debtor]. It is for the jury, not a reviewing court, to determine the credibility of a witness.
Id. at 481-82 (¶ 21).
¶20. Under the summary-judgment standard, the Defendants have the burden of demonstrating that no genuine issue of material facts exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact. Duckworth, 10 So.3d at 437 (¶ 9). We find that the Defendants failed to meet their burden.
¶21. There is no dispute that Adams had a continuing duty to disclose her cause of action. Giving Adams the benefit of the doubt concerning the existence of a disputed material fact, we find that the evidence and testimony before us does not demonstrate that Adams’s failure to disclose, standing alone, amounted to a willfully false representation. Although the Mississippi Supreme Court eliminated the adverse-party requirement for judicial es-toppel, it did not disturb the requirement *604 of a willfully false representation. See Clark, 131 So.3d at 561-62 (¶ 21). In viewing the facts in the light most favorable to Adams, we find that no motive for concealment has been shown. The efforts by Adams to amend her schedules to list the cause of action are inconsistent with any motive for concealment. We cannot say that the evidence, when viewed in the light most favorably to Adams, shows that Adams intended to conceal her claim from the bankruptcy court in order to reap a windfall by preventing her creditors from recovering any proceeds from a potential judgment.
¶ 22. Moreover, the evidence in this case does not prove that Adams made an intentional self-contradiction as a means of obtaining an unfair advantage in a forum provided for suitors seeking justice. See Kirk, 973 So.2d at 991 (¶ 31); see also Clark, 131 So.3d at 562 (¶ 23) (recognizing that lack of inadvertence requires that the positions taken must be knowingly inconsistent). Likewise, we cannot say that the evidence shows that Adams knowingly took inconsistent positions in the trial court and bankruptcy court. See Clark, 131 So.3d at 561 n. 22 (citing Cook, 832 So.2d at 482 (¶ 22) (holding judicial estop-pel did not apply because the inconsistency was not knowing)).
¶ 23. The dissent would hold that the three elements of judicial estoppel were satisfied through a rigid application of the elements without regard to the specific factual context of this case. “However, judicial estoppel is not governed by inflexible prerequisites or an exhaustive formula for determining its applicability, and numerous considerations may inform the doctrine’s application in specific factual contexts.” Love v. Tyson Foods Inc., 677 F.3d 258, 261 (5th Cir.2012) (citing New Hampshire v. Maine, 532 U.S. 742, 749--50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). Accordingly, based on the record before us, we hold that the trial court erred in applying the doctrine of judicial estoppel. We reverse the trial court’s grant of summary judgment in favor of the Defendants and remand this case to the trial court to proceed to trial.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
LEE, C.J., GRIFFIS, P.J., AND FAIR, J., CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. WILSON, J, DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY ISHEE AND CARLTON, JJ. BARNES AND MAXWELL, JJ., NOT PARTICIPATING.

. Initially, after the case was reopened, Adams attempted to list the cause of action as exempt personal property, but the trustee filed an objection. The bankruptcy court sustained the trustee’s objection because Mississippi Code Annotated section 85-3-17 (Rev.2011) does not permit an exemption until a personal-injury cause of action has been reduced to a judgment; therefore, Adams’s exemption claim was disallowed without prejudice so that Adams could reassert her exemption claim if the cause of action was ever reduced to a judgment.

. The Defendants filed a motion to strike portions of the record on appeal, specifically portions of the record containing certain discovery responses. The Mississippi Supreme Court passed the motion to this Court for consideration with the merits of the appeal. It was not necessary for the Court to consider these discovery responses to reach a decision on appeal. Even if the responses were to be considered, they would have no bearing on the issue presented before the Court. Therefore, the motion is denied as moot.