ON WRIT OF CERTIORARI
COLEMAN, JUSTICE,
FOR THE COURT:
¶ 1. The Lafayette County Circuit Court granted summary judgment in favor of Graceland Care Center of Oxford, LLC; Graceland Management Company, Inc.; Lafayette LTC, Inc.; and Yalobusha General Hospital and Nursing Home (collectively, Graceland) in a case brought by Shirley Adams for injuries her mother allegedly sustained while in the defendants’ care. As the basis for granting summary judgment, the circuit court determined that Adams was judicially estopped from bringing her suit because Adams had failed to disclose the suit in her prior bankruptcy proceedings. Adams appealed, and the Court of Appeals, in a plurality opinion, reversed the circuit court’s decision to grant summary judgment and remanded the case to the circuit court to proceed with a trial on the merits. We granted certiorari review and hold that the Court of Appeals misapprehended the applicable standard of review and the law of judicial estoppel in the instant case. Therefore, we reverse the Court of Appeals’ judgment, and we reinstate and affirm the circuit court’s judgment.
FACTS AND PROCEDURAL HISTORY
¶2. Dorothy Turner was a resident at Graceland’s nursing home facilities for several years. Her daughter, Adams, became concerned with Turner’s care and treatment at the facilities, and according to Adams’s deposition, she first contacted an attorney about a possible lawsuit in 2004 or 2005. For whatever reason, Adams did not pursue a suit at that time. However, Turner died in December 2007, and Adams filed suit against Graceland in May 2008.
¶ 3. During Adams’s deposition in August 2009, counsel for Graceland discover *578 ed that in August 2004, Adams had filed for Chapter 13 bankruptcy. Adams’s bankruptcy was fully discharged on March 31, 2009; however, in spite of her filing suit almost a year prior to her discharge, Adams did not inform the bankruptcy court of her suit nor did she amend her bankruptcy schedules to include the suit.
¶ 4. Upon learning of her prior bankruptcy and her failure to include the suit in her schedules prior to discharge, Graceland moved for summary judgment based on the doctrine of judicial estoppel. Adams filed a petition to reopen her bankruptcy proceeding and amend her schedules to list the suit as exempt personal property. The bankruptcy trustee objected to the classification of the suit as exempt personal property, and the bankruptcy court agreed and sustained the objection. Ultimately, Adams did amend her schedules to include the suit.
¶ 5. The circuit court initially noted by letter that it would grant Graceland’s motion for summary judgment; however, following our opinion in Copiah County v. Oliver, 51 So.3d 205, 207 (¶ 12) (Miss. 2011), the circuit court entered an order staying the proceeding for the bankruptcy court to determine whether Adams had a duty to disclose her suit as an asset of her bankruptcy estate. The bankruptcy court’s opinion was that “Adams had a continuing duty throughout the pendency of her bankruptcy case to disclose the state law cause of action.” In re Adams, 481 B.R. 854, 859 (Bankr. N.D. Miss. 2012). Additionally, the bankruptcy trustee submitted a letter, at the bankruptcy court’s request, indicating that it would not administer payment of any of the settlement/judgment proceeds to the unsecured creditors that remained at discharge.[1]
¶ 6. Ultimately, the circuit court granted Graceland’s renewed motion for summary judgment based on the doctrine of judicial estoppel. Adams appealed, and the Court of Appeals rendered its decision in November 2015. In the plurality opinion reversing the grant of summary judgment and remanding the case to the circuit court for trial, the Court of Appeals concluded that the circuit court had erred in applying judicial estoppel because Adams did not “knowingly” take inconsistent positions in the circuit court and bankruptcy court, nor did she, viewing the evidence “in the light most favorably to Adams, ... intend[ ] to conceal her claim from the bankruptcy court in order to reap a windfall by preventing her creditors from recovering any proceeds from a potential judgment.” Adams v. Graceland Care Ctr. of Oxford, LLC, et al., 208 So.3d 597, 604, 2015 WL 6685213, *6 (¶¶ 21-22) (Miss. Ct. App. Nov. 3, 2015). Following the Court of Appeals’ denial of Graceland’s motion for rehearing, Graceland filed its petition for certiorari review, which we granted.
ANALYSIS
¶ 7. In its petition for certiorari review, Graceland raises three issues. First, Graceland asserts that the Court of Appeals’ opinion “usurped the trial court’s discretion by imposing the wrong standard of review.” Next, Graceland claims that the Court of Appeals’ opinion “misapplies the law of judicial estoppel.” [2]
*579 I. Standard of Review
¶ 8. According to Graceland, the Court of Appeals’ opinion erred by utilizing a de novo review of the circuit court’s application of judicial estoppel instead of an abuse of discretion standard of review. We agree that the Court of Appeals conflated the standards of review in the present case, because it appears that the Court of Appeals attempted to apply a de novo review to both the application of judicial estoppel and the grant of summary judgment.[3]
¶ 9. It is well-settled that appellate review of the trial court’s grant or denial of a motion for summary judgment requires the application of de novo review. Copiah Cty. v. Oliver, 51 So.3d 205, 207 (¶ 7) (Miss. 2011) (citing Monsanto v. Hall, 912 So.2d 134, 136 (Miss. 2005)). Similarly settled is the standard of review applied to a trial court’s application of judicial estop-pel, which is the abuse of discretion standard. Kirk v. Pope, 973 So.2d 981, 986 (¶ 11) (Miss. 2007) (citing Superior Grewboats, Inc. v. Primary P & I Underwriters, 374 F.3d 330, 334 (5th Cir. 2004)).
¶ 10. The Court of Appeals’ decision implied that, under Oliver, a new standard of review — de novo — is applied to cases involving a trial court’s grant of summary judgment based on judicial estoppel. However, that simply is not the case, and our opinion in Oliver does no such thing. As the dissent in the Court of Appeals’ opinion pointed out, our opinion in Oliver “did not review the merits of the trial court’s application of the doctrine of judicial estop-pel.” Adams, 208 So.3d at 605, 2015 WL 6685213, at *7 (¶ 26) (Wilson, J., dissenting). We merely stated that the standard of review for summary judgment is de novo and that the trial court’s denial of summary judgment under the de novo standard was appropriate because the bankruptcy court needed an “opportunity to consider whether Oliver had a duty to disclose her post-petition, post-confirmation claim” before the trial court could determine whether judicial estoppel even applied. Oliver, 51 So.3d at 207 (¶¶ 7, 11-12).
¶ 11. Gibson v. Williams, Williams & Montgomery, P.A., 186 So.3d 836 (Miss. 2016), upon which the dissent by Justice Kitchens largely relies, does nothing to contradict our holding. The Gibson Court did not separately address the standard of review for the application of judicial estop-pel; in other words, although it clearly acknowledged the de novo standard of review applicable to summary judgment, the Gibson Court does not tell us whether it applied a de novo or abuse of discretion standard to the issue of judicial estoppel. Id. at 846-847 (¶¶ 24-30). Accordingly, we respectfully disagree with Justice Kitchens’s assumption that the Gibson Court applied a de novo standard of review when it discussed judicial estoppel. (Kitchens Dis. at ¶ 32). Although the Gibson Court does not tell its readers why it omitted any discussion of the standard of review, it may well be because it was not reviewing anything but, rather, considering an alternative argument advanced on appeal. According to the Gibson opinion, the trial judge did not base the decision there under review on judicial estoppel and appears to have made no determination, one way or the other, regarding its application. Id. at 842 (¶ 12). Rather, the trial judge there granted summary judgment based on the application of collateral estoppel. Id.
*580 ¶ 12. Therefore, the appropriate analysis requires an appellate court to use the abuse of discretion standard to review the trial court’s determination that judicial estoppel is or is not applicable. Then, an appellate court would use the de novo standard to determine whether summary judgment was or was not appropriate. We hold that the Court of Appeals erred when it applied an incorrect standard of review in its review of the present case. Because the Court of Appeals applied an incorrect standard of review, we now address whether the circuit court properly applied judicial estoppel and whether summary judgment was appropriate, using the appropriate standards of review for each issue.
II. Judicial Estoppel
¶ 13. As explained above, we review the circuit court’s application of judicial estoppel using the abuse of discretion standard. “Our inquiry is limited to whether the trial judge abused his discretion; we may not rule on whether he was ‘right’ or ‘wrong’ in our view. And, unless the trial court based its decision on an erroneous review of law, ... this Court is not authorized to reverse for an abuse of discretion unless we find it was ‘arbitrary and clearly erroneous.’ ” Detroit Marine Eng’g v. McRee, 510 So.2d 462, 467 (Miss. 1987) (citations omitted).
¶ 14. Judicial estoppel operates to protect the integrity of the judicial system. Gibson, 186 So.3d at 847 (¶ 24). It has three elements, and “[a] party will be judicially estopped from taking a subsequent position if (1) the position is inconsistent with one previously taken during litigation, (2) a court accepted the previous position, and (3) the party did not inadvertently take the inconsistent positions.” Clark v. Neese, 131 So.3d 556, 560 (¶ 16) (Miss. 2013) (citing Kirk, 973 So.2d at 991 (¶ 32)). Further, “[a] debtor’s non-disclosure is ‘inadvertent only when, in general, the debt- or either lacks knowledge of the undisclosed claim or has no motive for their concealment.’” Kirk, 973 So.2d at 991 (¶ 35).
¶ 15. The circuit court heard arguments on the application of judicial estop-pel to the present case, and it concluded that Adams’s failure to inform the bankruptcy court of her cause of action was not inadvertent. The circuit court explained that, based on Adams’s own testimony and affidavit, “she had knowledge of the facts supporting her cause of action prior to the discharge of her Chapter 13 proceeding.” The circuit court had all of the contradictory evidence in front of it regarding Adams’s claims that her failure to amend her bankruptcy schedules was unintentional, due to a lack of knowledge of the law, and ultimately, in her opinion, inadvertent. Weighing on the other side was the bankruptcy court’s holding that Adams had a continuing duty to update her bankruptcy schedules, that Adams began investigating a claim about her mother’s care years before her mother died and suit was filed, that Adams amended her bankruptcy schedules only after Graceland filed its motion to dismiss; and that Adams is the sole beneficiary of her mother and the suit.
¶ 16. In looking at the elements of judicial estoppel and the facts as presented to the circuit court, it is evident to the Court that the circuit court did not err in finding Adams judicially estopped from bringing her suit. First, the bankruptcy court’s holding that Adams had a continuing duty to update her bankruptcy schedules, which she did not do, helps satisfy the first element of judicial estoppel that Adams has taken inconsistent positions. Next, the bankruptcy court accepting the original bankruptcy schedules and then discharging Adams under the original schedules *581 without the lawsuit listed satisfies the second element of judicial estoppel that a court accepted Adams’s previous position. Additionally, Adams’s attempt to amend her bankruptcy schedules after Graceland filed the motion for summary judgment does not cure the fact that the bankruptcy court relied on her position. “Allowing the debtor to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if he is caught concealing them.” Love v. Tyson Foods Inc., 677 F.3d 258, 262 (5th Cir. 2012) (citation omitted). The final element is whether Adams did not inadvertently take the inconsistent positions. As the circuit court explained in its judgment, Adams certainly had “knowledge of the facts supporting her cause of action prior to the discharge of her Chapter 13 proceeding.” Further, it is obvious that Adams had a motive to conceal the claim, as she is the sole beneficiary of her suit and her mother’s estate. See id. (“‘[T]he motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure.’ Similarly, this court has found that debtors had a motivation to conceal where they stood to ‘reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors.’ ”) (Internal citations omitted.)
¶ 17. In dissents, Presiding Justice Dickinson and Justice Kitchens both attempt to create an issue of fact by citing Adams’s affidavit in which she averred that she was distracted by the treatment of her mother to the point that it did not occur to her to update her bankruptcy schedules. We must in the summary judgment take such averments as true, but even taken as true, they do not change the result. In the context of judicial estoppel, distraction and forgetfulness do not suffice to show inadvertence. As noted above, “A debtor’s nondisclosure is ‘inadvertent’ only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.” Kirk, 973 So.2d at 991 (¶ 35). Neither applies to Adams here, however good a reason she may have had for her distraction. The trial court correctly found, based on undisputed facts, that she had both knowledge of her claim and a motive for concealing it. By law, her failure to disclose the asset-on her bankruptcy schedules could not have been inadvertent, no matter if she was distracted.
¶ 18. Presiding Justice Dickinson contends that Adams has created ah issue of material fact as to motive with her above-described affidavit. Yet we do - hot, as he accuses, affirm summary judgment despite the existence of a disputed issue of material fact. Rather, we take the facts averred by Adams in her affidavit as true, but in the end hold them to be immaterial given the law. See Bradley v. Kelley Bros. Contractors, Inc., 117 So.3d 331, 338 (¶27) (Miss. 2013) (“To survive summary judgment, it is not enough that disputed facts exist — such facts must also be material.”)
¶ 19. In In re Superior Crewboats, Inc., 374 F.3d 330 (5th Cir. 2004), the United States Court of Appeals for the Fifth Circuit reversed the district court’s refusal to apply the doctrine of judicial estoppel due to the debtors’ failure to disclose a personal injury claim to the bankruptcy court. Like Adams, the plaintiffs in Superior Crewboats claimed that their failure to report the injury claim resulted from confusion — in their case over what law applied to their personal injury claim. Id. at 335. The Fifth Circuit held that the plaintiffs’ alleged confusion was “of no moment.” Id. The Superior Crewboats Court went on to *582 write that the debtors’ confusion did “not evince a lack of knowledge as to the existence of the claim.” Id. Accordingly, the Fifth Circuit reversed the district court, which had found that the debtors created an issue of material fact when they claimed that their confusion caused them to fail to report the claim. Id. Then, the Fifth Circuit proceeded to do exactly what we do above — and what Presiding Justice Dickinson would take us to task for doing — by holding that the debtors indeed had a motive by writing as follows:
The Hudspeaths had the requisite motivation to conceal the claim as they would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors. Such a result would permit debtors to “[c]onceal their claims; get rid of [their] creditors on the cheap, and start over with a bundle of rights.” Payless Wholesale Distrib., Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570, 571 (1st Cir. 1993).
In re Superior Crewboats, Inc., 374 F.3d at 336.
¶ 20. In Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002), the Eleventh Circuit also rejected a claim by the debtor that the failure to report a claim in bankruptcy resulted from inadvertent error. Id. at 1286-1287. The Bumes Court held that, despite the debtor’s claims of inadvertence and, accordingly, lack of motive, “deliberate or intentional manipulation can be inferred from the record.” Id. at 1287. In the case sub judice, the trial judge did just that in exercising his discretion in applying the doctrine of judicial estoppel. “[T]he importance of full and honest disclosure [of assets in bankruptcy] cannot be overstated.” Id. at 1286. The efficacy of federal bankruptcy proceedings, including fairness to creditors, relies on such full and honest disclosure. Accordingly, we consider persuasive the federal authorities cited above, that infer motive from the circumstances of the record even in the face of claims of inadvertence by debtors.
¶ 21. “Judicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset.” Jethroe v. Omnova Sols., Inc., 412 F.3d 598, 600 (5th Cir. 2005). Therefore, based on our review of the record and our standard of review, we hold that the circuit court’s decision has support in the evidence and our precedent, and we decline to hold that the circuit court abused its discretion in concluding that Adams was judicially estopped from bringing her suit.
III. Summary Judgment
¶ 22. Mississippi Rule of Civil Procedure 56(c) provides that, “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[,]” then “[t]he judgment sought shall be rendered forthwith[.]” “The evidence must be viewed in the light most favorable to the party against whom the motion has been made.” City of Jackson v. Sutton, 797 So.2d 977, 979 (¶ 7) (Miss. 2001) (quoting Heigle v. Heigle, 771 So.2d 341, 345 (¶ 8) (Miss. 2000)).
¶ 23. In light of our determination that the circuit court did not err in finding Adams judicially estopped from pursuing her suit, we cannot hold that any genuine issue of material fact exists for which Adams could defeat summary judgment. Therefore, the circuit court’s grant of summary judgment was appropriate.
*583 CONCLUSION
¶ 24. The proper standard of review for reviewing a trial court’s imposition of judicial estoppel is the abuse of discretion standard, and the proper standard of review for reviewing a trial court’s decision to grant or deny summary judgment is de novo. Because the Court of Appeals erroneously applied a de novo review to the circuit court’s imposition of judicial estop-pel, we reverse the judgment of the Court of Appeals, and we reinstate and affirm the judgment of the circuit court.
¶ 25. THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED. THE JUDGMENT OF THE LAFAYETTE COUNTY CIRCUIT COURT IS REINSTATED AND AFFIRMED.
WALLER, C.J., RANDOLPH, P.J., BEAM AND CHAMBERLIN, JJ„ CONCUR. DICKINSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND KING, JJ. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND KING, J. MAXWELL, J., NOT PARTICIPATING.

. "After reviewing the timely filed and allowed general unsecured claims which total $4,719.53, the trustee reports that she would abandon any settlement or judgment proceeds and not administer the payment of such on behalf of the bankruptcy estate.”

. Graceland argues that the Court of Appeals’ opinion "turns judicial estoppel into 'jury es-toppel' and invites forum-shopping”; however, we decline to address it based on our holdings on the other issues raised.

. In the parties' briefs, neither argued that the application of judicial estoppel should receive a de novo review. Additionally, the Court of Appeals’ opinion initially cites the abuse of discretion standard as the appropriate standard before applying a de novo standard.