# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-IA-00809-SCT

*COPIAH COUNTY, MISSISSIPPI*

*v.*

*NANCY OLIVER*

### ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 04/15/2009 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOSEPH W. GILL |
| | REBECCA B. COWAN |
| ATTORNEY FOR APPELLEE: | CURT CROWLEY |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AND REMANDED - 01/13/2011 |
| MOTION FOR REHEARING FILED: | 10/14/2010 |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., LAMAR AND PIERCE, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1. The motion for rehearing is denied. The original opinion is withdrawn and this opinion is substituted therefor.

¶2. Nancy Oliver filed for Chapter 7 bankruptcy, which she later converted to Chapter 13. After the bankruptcy court had confirmed her Chapter 13 payment plan, Oliver filed this personal-injury suit against Copiah County. Oliver, however, did not amend her bankruptcy schedule of assets to reflect the existence of this claim. We are asked to decide whether Oliver's failure to do so requires that she be judicially estopped from pursuing her personal-

injury claim. We decline to answer this question until the bankruptcy court has had an opportunity to determine whether Oliver had a duty to amend her schedule of assets. Accordingly, we affirm the trial court's denial of summary judgment and direct the trial court to stay the proceedings until the bankruptcy court performs its function.

## FACTS AND PROCEDURAL HISTORY

¶3. On October 15, 2005, Nancy Oliver filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code, and a case was commenced in the United States Bankruptcy Court for the Southern District of Mississippi.[1] Upon Oliver's motion, the Chapter 7 proceeding was converted to a Chapter 13 case on December 15, 2005. Oliver filed her proposed Chapter 13 plan with the bankruptcy court on December 20, 2005.[2] The bankruptcy court entered an order confirming the plan on February 14, 2006.

¶4. On March 27, 2006, Oliver tripped on a piece of loose carpet on the front steps of the Copiah County courthouse, and was injured as a result of her fall. On July 26, 2007, Oliver filed a complaint against Copiah County in the Circuit Court of Copiah County, alleging that the county was negligent for failing to correct a known, unreasonably dangerous condition on its premises, and that she had suffered injuries as a result of its negligence. Later, in response to interrogatories posed by Copiah County, Oliver disclosed that she previously had commenced the Chapter 13 bankruptcy proceeding, and was in the process of paying on her

---

[1] The bankruptcy action is styled *In Re: Nancy Jean Roberts*; No. 05-07095-ee.

[2] The plan required Oliver to make biweekly payments of $113.00 for thirty-six months, or until her debts under the plan were paid, but not to exceed sixty months.

Chapter 13 plan. She also disclosed to the County the existence of her bankruptcy during her deposition.

¶5. On July 11, 2008, Copiah County filed a motion for summary judgment, asserting that Oliver should be judicially estopped from pursuing her personal-injury claim because she had never amended her bankruptcy schedule of assets to reflect the existence of her claim against the county. On March 30, 2009, the circuit court held a hearing on Copiah County's motion. During the hearing, Oliver's counsel admitted that Oliver had not amended her bankruptcy schedule of assets to reflect her cause of action. Rather, Oliver's counsel argued that Oliver is not required to amend her schedule of assets until her lawsuit against Copiah County is concluded, either by judgment or settlement.

¶6. On April 30, 2009, the circuit court denied Copiah County's summary-judgment motion, finding that the motion should be addressed first in the United States Bankruptcy Court in which Oliver's bankruptcy is pending. Thereafter, Copiah County filed a petition for interlocutory appeal, which this Court granted on June 24, 2009.

## DISCUSSION AND ANALYSIS OF LAW

¶7. This Court reviews a trial court's grant or denial of a motion for summary judgment or a motion to dismiss under a *de novo* standard. ***Monsanto v. Hall***, 912 So. 2d 134, 136 (Miss. 2005).

¶8. The only question presented in this appeal is whether Oliver should be judicially estopped from pursuing her personal-injury claim against Copiah County for failing to amend

3

her schedule of assets in the bankruptcy court to show the existence of the cause of action, even though the claim arose post-petition and post-confirmation.

¶9. The doctrine of judicial estoppel should be applied to prevent a party from achieving unfair advantage by taking inconsistent positions in litigation.

> Judicial estoppel is designed to protect the judicial system and applies where "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." In order to protect the integrity of the judiciary, judicial estoppel "must be invoked in the Court in which the apparent self-serving contradiction occurred and in which the defense is first asserted."
>
> [There are] three requirements for judicial estoppel: "(1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent."

***Kirk v. Pope***, 973 So. 2d 981, 991 (internal citations omitted).

¶10. In ***Kirk***, this Court applied judicial estoppel against the plaintiff after he failed to disclose a breach-of-contract action to the bankruptcy court. ***Kirk***, 973 So. 2d at 991-92. The situation in this case, however, is distinguishable from that in ***Kirk***. First, this case involves Chapter 13 of the bankruptcy code, whereas ***Kirk*** involved Chapter 7. Each bankruptcy mechanism has unique provisions regarding the status of the estate's property and the duty to report. More significantly, it is undisputed that Oliver's personal-injury claim, unlike Kirk's breach-of-contract action, accrued and arose *after* she had filed her bankruptcy petition and *after* her Chapter 13 repayment plan was approved by the bankruptcy court, and she had begun making payments on the plan.

4

¶11. To decide if judicial estoppel applies to Oliver's suit against Copiah County, it must be determined whether she had a duty to disclose to the bankruptcy court her post-petition, post-confirmation claim. We believe our most prudent course is to allow the bankruptcy court to decide this question and to stay further proceedings until it has had an opportunity to do so. This course ensures that the present action is prosecuted in the name of the real party in interest.

## CONCLUSION

¶12. We affirm the trial court's denial of summary judgment and direct the trial court to stay the proceedings until the bankruptcy court has had an opportunity to consider whether Oliver had a duty to disclose her post-petition, post-confirmation claim.

¶13. **AFFIRMED AND REMANDED.**

**CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., CONCURS IN RESULT ONLY.**