ISHEE, J.,
for the Court:
¶ 1. In November 2008, Paulette L. Knight filed suit in the Pearl River County Circuit Court against Picayune Tire Services, Inc. (Picayune Tire) asserting negligence claims related to a 2005 incident wherein Knight fell in Picayune Tire’s parking lot and allegedly suffered injuries. After discovery was conducted, Picayune Tire filed a motion for summary judgment, which the circuit court granted. In its order, the circuit court noted that Knight had entered and exited the premises multiple times before her fall, and Knight could not specifically identify the location of her fall in the photographs, nor did she observe what had caused her fall. Furthermore, Knight failed to present proof of any substance or condition in the parking lot that contributed to her fall and which should have been removed by Picayune Tire. As such, the circuit court determined that Knight’s fall was unrelated to Picayune Tire; rather, it was due to Knight’s failure to observe the conditions of the parking lot at the time of the accident. The case was dismissed on April 13, 2010. Aggrieved, Knight now appeals. Finding no error, we affirm.
FACTS
¶ 2. On December 10, 2005, Knight parked her vehicle in Picayune Tire’s parking lot, exited her vehicle, and entered the store. Shortly thereafter, Knight exited the store and walked back to her vehicle to retrieve her wallet. As she began her return to the store, she asserts that she tripped over something in the parking lot and fell. Knight alleges to have suffered injuries to her back and knees. She filed suit against Picayune Tire in the circuit court in November 2008, claiming that Picayune Tire either created or knew about a dangerous condition that caused or contributed to Knight’s fall in the parking lot and failed to warn Knight of the condition.
¶ 3. During discovery, Picayune Tire deposed Knight. In the deposition, Knight testified that nothing was obstructing her view while she was walking in the area where she fell. She further stated that although she could have looked at the path on which she was walking, she never looked down at the ground as she returned to the store; instead, she continually looked toward the storefront. Knight also admitted that she did not notice anything wrong with the pavement at any time prior to or during the incident, because she had entered and exited the store immediately prior to her fall without any problem. Fi *358 nally, Knight did not see anything in particular that would have caused her to fall; however, she stated that something “made [her] start stumbling,” and she “tripped.”
¶ 4. Picayune Tire subsequently filed a motion for summary judgment, asserting that no genuine issues of material fact existed and that Knight had not established any facts supporting her claim that the parking lot in question was unreasonably dangerous. Specifically, Picayune Tire argued that the evidence showed the following: (1) Knight had walked through the area in question two times prior to her fall; (2) Knight’s vision of the area was never blocked during the incident; (3) Knight was not observing the area upon which she was walking as she returned to the store; and (4) a crack or uneven asphalt in a parking lot is not a dangerous condition.
¶ 5. After the circuit court reviewed the motion and Knight’s response, the circuit court held a hearing on the matter. The circuit court then granted Picayune Tire’s motion and dismissed the case in an order dated April 13, 2010. In the order, the circuit court noted that Picayune Tire’s factual assertions were supported by Knight’s testimony. The circuit court also stated that the parking lot in question is a typical, common parking lot, and the minor cracks in the asphalt and concrete are not unreasonably dangerous, but they are of the type that one would normally encounter in asphalt or concrete parking lots. The circuit court further held that Knight had not presented any claim or proof “of any type of foreign substance or foreign material, which should have been removed by [Picayune Tire], which caused or contributed to [Knight’s] fall.” The circuit court determined that any conditions which might have been present in the parking lot were “open and obvious.”
¶ 6. Knight timely filed an appeal, claiming the circuit coui't erred in granting summary judgment because genuine issues of material fact existed as to whether an unreasonably dangerous condition was present in Picayune Tire’s parking lot. Finding no error, we affirm the circuit court’s judgment.
DISCUSSION
¶ 7. The Mississippi Supreme Court has held that an appellate court “reviews a trial court’s grant or denial of a motion for summary judgment or a motion to dismiss under a de novo standard.” Copiah County v. Oliver, 51 So.3d 205, 207 (¶ 7) (Miss.2011) (citation omitted). Summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Palmer v. Anderson Infirmary Benevolent Ass’n, 656 So.2d 790, 794 (Miss.1995) (quoting M.R.C.P. 56(c)). “[W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.” Galloway v. Travelers Ins. Co., 515 So.2d 678, 684 (Miss.1987).
¶ 8. Here, Knight has failed to establish that an unreasonably dangerous condition caused or contributed to her fall. Knight had walked through the parking lot from her vehicle to the store and then back to her vehicle without incident two times immediately prior to her fall. Although Knight asserts in her brief that a “seam” in an “irregularly shaped concrete patch” caused her to fall, the record does not *359 support this contention. By her own testimony, Knight has admitted that she cannot identify exactly where she fell in the parking lot or what caused her to “trip,” and she was not observing the ground upon which she was walking prior to or during the fall. Accordingly, Knight has not established that an irregularity in the parking lot created an unreasonably dangerous condition which caused her to become injured.
¶ 9. The circuit court correctly stated that “Mississippi has long recognized that normally encountered dangers such as curves, sidewalks!,] and steps are not hazardous conditions. Often [such pathways] contain crack and changes in elevation; and[,] as such[,] they do not become hazardous conditions simply because they contain minor imperfections or defects.” See, e.g., City of Greenville v. Laury, 172 Miss. 118, 159 So. 121, 122 (1935); City of Meridian v. Crook, 109 Miss. 700, 69 So. 182, 183-85 (1915); Bond v. City of Long Beach, 908 So.2d 879, 882 (¶¶ 7-9) (Miss. Ct.App.2005). As such, we cannot find any genuine issue of material fact that would preclude summary judgment. Accordingly, we affirm the circuit court’s judgment.
¶10. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.