WILSON, J.,
dissenting:
¶ 25. I dissent because the plurality opinion applies the wrong standard of review, reaches the wrong result under applicable precedent, and mistakenly implies that the issue of judicial estoppel should be resolved by a jury at trial.
¶26. First, the plurality applies the wrong standard of review. Our Supreme Court has clearly stated that “a trial court’s imposition of judicial estoppel ... is subject to review under an abuse of discretion standard.” Kirk v. Pope, 973 So.2d 981, 986 (¶ 12) (Miss.2007). The Court repeated this point in its initial (subsequently withdrawn) opinion in Copiah County v. Oliver, No. 2009-IA-00809-SCT, 2010 WL 3785534 at (¶ 6) (Miss. Sept. 30, 2010) (“This Court reviews a trial court’s grant or denial of a motion for *605 summary judgment or a motion to dismiss under a de novo standard. A trial court’s decision regarding judicial estoppel is subject to review under an abuse-of-discretion standard.”[3] (citations omitted)), withdrawn on mot. far reh’g, 51 So.3d 205 (Miss.2011). The Court’s opinion on rehearing in Oliver omitted reference to the abuse-of-discretion standard, but I suggest that it did so because the opinion only “direet[ed] the trial court to stay the proceedings until the bankruptcy court ... had an opportunity to consider” a logically antecedent issue of federal bankruptcy law. Oliver, 51 So.3d at 207 (¶ 12). Thus, the final opinion in Oliver — on which the plurality relies for its standard of review— did not review the merits of the trial court’s application of the doctrine of judicial estoppel. We should continue to apply the standard of review that the Supreme Court expressly adopted in Kirk until Kirk is overruled.
¶ 27. Applying the proper standard of review,[4] the circuit court’s decision must be affirmed. The circuit judge applied precedent that is directly on point (Kirk and Oliver) and did not abuse his discretion by dismissing Adams’s claims with prejudice based on her failure to disclose her claims in her prior federal bankruptcy.
¶ 28. “[T]he integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets.” In re Coastal Plains, Inc., 179 F.3d 197, 208 (5th Cir.1999) (emphasis omitted) (quoting Rosenshein v. Kleban, 918 F.Supp. 98, 104 (S.D.N.Y.1996)). The debtor’s duty to disclose all of her assets, including contingent claims, is a “continuing duty throughout the pendency of her bankruptcy case.” In re Adams, 481 B.R. 854, 859 (Bankr.N.D.Miss.2012) (emphasis added) (citing Coastal Plains, 179 F.3d at 207-08; Jethroe v. Omnova Solutions Inc., 412 F.3d 598, 600 (5th Cir.2005)). The debtor’s “omission of [a] personal injury claim from [her] mandatory bankruptcy filings is tantamount to a representation” — a misrepresentation — “that no such claim existed.” In re Superior Crewboats Inc., 374 F.3d 330, 335 (5th Cir.2004). Such omissions impair “[t]he interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the [debtor’s] disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis.” Coastal Plains, 179 F.3d at 208 (emphasis omitted) (quoting Rosenshein, 918 F.Supp. at 104). To protect these interests, courts apply the doctrine of judicial estoppel and “will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding.” Id.
*606 ¶29. When a debtor seeks to recover on a claim that she failed to disclose in a prior bankruptcy filing, there are only “three requirements for judicial estoppel: ‘(1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent.’ ” Oliver, 51 So.3d at 207 (¶ 9) (quoting Kirk, 973 So.2d at 991 (¶ 32) (quoting Superior Crewboats, 374 F.3d at 335)).[5] Here, because Adams had a continuing duty to disclose her claim to the bankruptcy court, her failure to disclose “impliedly represented that she had no such claim,” which “is plainly inconsistent with her ... assertion of the claim in state court.” In re Flugence, 738 F.3d 126, 130 (5th Cir.2013). In addition, when the bankruptcy court entered an order discharging Adams from bankruptcy, it effectively accepted her representation that she had made a full and complete disclosure of her assets. See Superior Crewboats, 374 F.3d at 330; Tubbs v. Huntington Ingalls, Inc., No. 1:06CV834HSO-JMR, 2011 WL 3891877, at *6 (S.D.Miss. Aug.29, 2011). Accordingly, the first and second requirements of judicial estoppel are satisfied.
¶ 30. As the circuit court correctly recognized, the only real issue in this case is whether Adams’s non-disclosure was “inadvertent.” “A debtor’s non-disclosure is ‘inadvertent’ only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.” Kirk, 973 So.2d at 991 (¶ 35) (quoting Superior Crewboats, 374 F.3d at 335 (quoting Coastal Plains, 179 F.3d at 210)). Here, the evidence was clear that Adams had ample “knowledge” of her claim because Adams testified that she decided to talk to a lawyer about suing the defendants in 2004 or 2005, she actually hired a lawyer in March 2006, and she filed her initial complaint in May 2008 — all well before she was discharged from bankruptcy by order dated March 31, 2009. See Adams, 481 B.R. at 857.
¶ 31. Because Adams had “knowledge” of her potential claim, the issue narrows further to whether she had a “motive for ... concealment” of the claim. Kirk, 973 So.2d at 991 (¶ 35). The Fifth Circuit rightly has observed that “the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure.” Love v. Tyson Foods, Inc., 677 F.3d 258, 262 (5th Cir. 2012) (emphasis added) (quoting Thompson v. Sanderson Farms, Inc., No. 3:04CV837-WHB-JCS, 2006 WL 7089989, at *4 (S.D.Miss. May 31, 2006) (Barbour, J.)). The debtor’s motive not to disclose is the same as her motive not to disclose any other asset. If the debtor does not disclose her claim, she may keep the net proceeds of any settlement or judgment for herself rather than pay her debts to creditors who are not repaid in full under the terms of her bankruptcy plan. This *607 gives the debtor “an incentive to conceal her claims from creditors.” Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 601 (5th Cir.2005) (citing Coastal Plains, 179 F.3d at 210).
¶ 32. In this case, the unsecured debts that Adams was not obligated to repay under her bankruptcy plan are sufficient support for the circuit court’s finding that her non-disclosure was “not inadvertent.” Adams’s self-evident motive not to disclose her claim satisfies the third and final requirement of judicial estoppel because the relevant question under Kirk is whether “the debtor ... has no motive for ... concealment.’” Kirk, 973 So.2d at 991 (¶ 35) (emphasis added) (quoting Superior Crewboats, 374 F.3d at 335 (quoting Coastal Plains, 179 F.3d at 210)); see Jethroe, 412 F.3d at 601 (debtor had a “motive for concealment” because her bankruptcy confirmation plan did not require her to repay an unsecured debt of $8,373). Accordingly, the circuit court’s finding that all three requirements of judicial estoppel are met was not an abuse of discretion, and its ruling should be affirmed.[6]
¶ 33. The plurality argues that judicial estoppel should not apply despite Adams’s evident motive not to disclose her debts, but the facts that the plurality highlights are not persuasive. For instance, the plurality gives Adams credit for moving to reopen her bankruptcy case before she “obtained a judgment” in state court. Ante at (¶ 602). However, Adams moved to reopen only because the defendants first discovered the bankruptcy and moved for summary judgment on that basis. “Allowing the debtor to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if he is caught concealing them.” Love, 677 F.3d at 265-66 (quotation marks and brackets omitted) (quoting Superior Crewboats, 374 F.3d at 336) (quoting Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir.2002)). This is not the sort of full and complete disclosure that the bankruptcy system requires, and we should not “invite such abuses.” Id.[7]
¶ 34. The plurality also finds it significant that Adams seeks to recover for her mother’s injuries and death rather than for “her own personal cause of action.” Ante at (¶ 603). This distinction might be relevant if Adams could argue that she “lack[ed] knowledge” of the claims because they were not her own personal claims. Kirk, 973 So.2d at 991 (¶ 35). But as discussed above, that simply is not the *608 case. Adams began contemplating the undisclosed claims years before she was discharged from bankruptcy, and actually filed the lawsuit more than ten months prior to the order granting her discharge. Because Adams’s own testimony and actions clearly establish her knowledge of her claims, this distinction is irrelevant.
¶35. My final disagreement with the plurality opinion is that it seems to view the question as simply whether there is a “genuine issue of material fact” precluding summary judgment; having decided that such a factual dispute exists, the plurality implies that the issue of judicial estoppel should be decided at trial by a jury. However, whether the doctrine of judicial es-toppel applies is a decision for the court, not the jury. “Judicial estoppel is designed to protect the integrity of the judicial system....” Oliver, 51 So.3d at 207 (¶ 9) (quoting Kirk, 973 So.2d at 991 (¶ 31)). Our Supreme Court has also explained that “[j]udicial estoppel is a doctrine of law applied by a trial court.” Lone Star Indus., Inc. v. McGraw, 90 So.3d 564, 569-70 (¶ 18) (Miss.2012) (emphasis added) (quoting Miss. Power & Light Co. v. Cook, 832 So.2d 474, 482 (¶ 22) (Miss.2002)); see also New Hampshire v. Maine, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (“[J]udicial estop-pel is an equitable doctrine invoked by a court at its discretion, (quotation marks omitted)); Thore v. Howe, 466 F.3d 173, 178 (1st Cir.2006) (“[W]hether to apply the judicial estoppel doctrine is ... an issue for the court, not the jury, to decide.”). The nature and purpose of the doctrine are such that the issue should be resolved by a court; whether the “integrity of the judicial system” is in need of protection is not an issue that a jury is well-suited to determine. Therefore, any suggestion that we can simply find “a genuine issue of material fact” and remand the case for a jury trial is a mistake; this Court must decide whether the circuit judge committed an abuse of discretion in his application of the doctrine to the facts of this case.[8]
¶ 36. In summary, I dissent because the plurality opinion applies the wrong standard of review, reaches the wrong result, and apparently remands the case for a jury trial on an issue that must be decided by the court.
ISHEE AND CARLTON, JJ., JOIN THIS OPINION.

. This is similar to cases decided on summary judgment in which we review the trial court’s underlying rulings as to the admissibility of expert testimony for abuse of discretion but review the grant or denial of summary judgment de novo. McDonald v. Mem'l Hosp. at Gulfport, 8 So.3d 175, 178-79 (¶ 8) (Miss. 2009). The underlying evidentiary ruling may be dispositive, but that does not change the applicable standard of review. See id. The same is true here — the trial court’s underlying ruling on the issue of judicial estoppel may be dispositive, but we still apply the abuse-of-discretion standard.

. See, e.g., Detroit Marine Eng’g v. McRee, 510 So.2d 462, 467 (Miss. 1987) (“Our inquiry is limited to whether the trial judge abused his discretion; we may not rule on whether he was ‘right’ or ‘wrong’ in our view. And, unless the trial court based its decision on an erroneous review of law, this Court is not authorized to reverse for an abuse of discretion unless we find it was arbitrary and clearly erroneous.” (quotation marks and citations omitted)).

. Oliver and Kirk appropriately applied federal caselaw to determine the preclusive effect of a debtor’s failure to disclose a claim in federal bankruptcy proceedings. See Superior Crewboats, 374 F.3d at 334 & n. 3; Kamont v. West, 83 Fed.Appx. 1, 3 (5th Cir.2003) ("We apply federal law where judicial estoppel is applied based on a debtor’s failure to disclose assets in violation of the federal Bankruptcy Code.”); Bailey v. Barnhart Interest Inc., 287 S.W.3d 906, 910 (Tex.Ct.App.2009) (“Because the [defendants] invoked judicial estoppel in the bankruptcy context, we apply federal law to determine whether the doctrine applies here.”); 19 Wright, Miller & Cooper, Federal Practice and Procedure § 4514 (2d ed.) ("[F]ederal common law is truly federal law in the sense that, by virtue of the Supremacy Clause, it is binding on state courts” (footnotes omitted)).

. In Kirk, we concluded, "While we cannot be certain of Kirk's motivation, we find there was sufficient evidence for the circuit court to conclude that Kirk's non-disclosure was not inadvertent and that Kirk notified the bankruptcy trustee only because the defendants forced his hand.” Kirk, 973 So.2d at 992 (¶ 38) (emphasis added). The same must be said here.

. Likewise, the trustee’s decision to abandon the claim when it was first disclosed "well after the bankruptcy discharge is irrelevant to whether the judicial estoppel doctrine should apply.” Kaufman v. Robinson Prop. Grp. L.P., No. 2:07CV048-P-A, 2009 WL 3003261, at *2 (N.D.Miss. Sept. 16, 2009) (Pepper, J.); accord Superior Crewboats, 374 F.3d at 335 (applying the doctrine despite the trustee’s abandonment of the claim); Robey v. Cleveland Sch. Dist., No. 2:12CV101-SA-SAA, 2013 WL 5775306, at *3 (N.D.Miss. Oct.25, 2013) (Aycock, J.) (same; collecting cases). The relevant question is whether Adams had a motive to conceal the claim when she failed to disclose it, not whether the trustee has an interest in pursuing it when it is brought to her attention post-discharge. As the bankruptcy court put it, ”[t]he trustee’s lack of knowledge [at the appropriate time] of Adams’s state court cause of action does not provide Adams a 'safe harbor.’ ” Adams, 481 B.R. at 858.

. In Mississippi Power & Light Co. v. Cook, there was a brief discussion of the doctrine of judicial estoppel followed the statement that the plaintiff “explained his actions in the bankruptcy proceeding, and it was correctly left to the jury to determine his credibility.” Cook, 832 So.2d at 482 (¶ 22). The opinion's brief analysis of this issue is confusing, but it appears that the issue on appeal was an evi-dentiary one — namely, the circuit court's ruling that certain of the plaintiff's "bankruptcy documents could be used for impeachment, but the entire bankruptcy file could not be admitted into evidence because it might confuse the jury.” Id. at 481 (¶ 21), The Supreme Court framed the issue raised by the appellant as "[wjhether the circuit 'mishandled' Cook’s bankruptcy 'manifold.' ” Id. at 481 (capitalization altered). I do not read the opinion to indicate that the issue of judicial estoppel was or should have been submitted to the jury — only that some of the plaintiff's bankruptcy filings were properly admitted for impeachment purposes.