GRIFFIS, P.J.,
for the Court:
¶ 1. Jeanette Ringo suffered injuries when she retreated from a Peekapoo dog owned by Lela Wilson and Tela Wilson Collins and fell in their driveway. Ringo filed suit for personal injuries in the Montgomery County Circuit Court. Collins and Wilson filed a motion for summary judgment, which the circuit court granted. Ringo now appeals. We find no error and affirm.
FACTS AND PROCEDURAL HISTORY
¶2. On August 6, 2010, Ringo went to the home shared by Wilson and her daughter, Collins. Ringo and Collins were friends and former coworkers. Ringo asked Collins to come to the house to deliver some empty boxes from Ringo’s workplace. When Ringo arrived, neither Collins nor Wilson was at the house. Them dog, however, was tied up outside of the house and began barking at Ringo. When Ringo carried the boxes up the driveway, the dog startled her. She backed away from the dog then fell in the driveway, sustaining injuries, including a broken wrist.
. ¶ 3. Ringo filed a complaint against Collins and Wilson. She asserted claims for negligence regarding the premises and the dog. Collins and Wilson filed a motion for summary judgment. The trial court held a hearing on the motion, and granted it.
STANDARD OF REVIEW
¶ 4. “We review the grant or denial of a motion for summary judgment de novo, viewing the evidence ‘in the light most favorable to the party against whom the motion has been made.’” Karpinsky v. Am. Nat’l Ins., 109 So.3d 84, 88 (¶ 9) (Miss.2013) (quoting Pratt v. Gulfport-Biloxi Reg’l Airport Auth., 97 So.3d 68, 71 (¶ 5) (Miss.2012)). “Summary judgment is appropriate when ‘the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’” Byrne v. Wal-Mart Stores Inc., 877 So.2d 462, 464-65 (¶3) (Miss.Ct.App.2003) (quoting Piggly Wiggly of Greenwood, Inc. v. Fipps, 809 So.2d 722, 725 (¶ 9) (Miss.Ct.App.2001)).
ANALYSIS

I. Whether the trial court properly granted summary judgment on the issue of premises liability.

¶ 5. Ringo contends that Wilson and Collins committed negligence in failing to properly maintain their driveway. Under the premises-liability doctrine, Ringo argues Wilson and Collins owed a duty to maintain a reasonably safe premises and their failure to repair the driveway constituted negligence on their part.
¶ 6. The parties agree that Ringo, as an invitee, was entitled to a reasonably safe premises. “The established law in this state is that the owner, occupant[,] or person in charge of [the] premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in [a] reasonably safe and suitable condition[.]” Mayfield v. The Hairbender, 903 So.2d 733, 735-36 (¶ 11) (Miss.2005) (footnote omitted) (citation omitted).
*829 ¶ 7, In previous preraises-liability cases, there was “no liability for injuries, where the condition is not dangerous, or where the condition is, or should be, known or obvious to the invitee.” Tharp v. Bunge Corp., 641 So.2d 20, 23 (Miss.1994) (citation .omitted), Tharp abolished this defense and held:
The “open and obvious” standard is simply a comparative negligence defense used to compare the negligence of the plaintiff to the negligence of the defendant. If the defendant was not negligent, it makes no difference if the dangerous condition was open and obvious to the plaintiff since the plaintiff must prove some negligence on part of the • defendant before recovery may be had.
Id. at 24. Therefore, Ringo had to present evidence of Collins and Wilson’s negligence in order to survive summary judgment.
¶ 8. As part of the motion for summary judgment, Collins and Wilson submitted an affidavit of Michael J. Frenzel, a safety consultant, about the condition of the driveway. Frenzel testified that the driveway contained an elevation of approximately one to one and one-quarter inch and included repairs that “ramped” the two elevations together. Frenzel further stated that no standard regulated driveway maintenance, but concluded that the crack did not present an unreasonably dangerous condition.
¶ 9. Ringo failed to refute Frenzel’s report. Instead, Ringo merely asserted that the elevation change in the driveway was unsafe.
¶ 10. This Court, however, has previously found an elevation change in a sidewalk did not create an unreasonably dangerous condition. See Bond v. City of Long Beach, 908 So.2d 879, 882 (¶ 10) (Miss.Ct.App.2005); Rowe v. City of.Winona, 248 Miss. 411, 415, 159 So.2d 282, 288 (1964). This Court has also found cracks in a parking lot did not create an unreasonably dangerous condition. Knight v. Picayune Tire Servs. Inc., 78 So.3d 356, 359 (¶ 8) (Miss.Ct.App.2011). The Knight court stated that “Mississippi has long recognized that normally encountered dangers such as curves, sidewalks, and steps are not hazardous conditions. Often such pathways contain crack[s] and changes in elevation; and, as such, they do not become hazardous conditions simply because they contain minor imperfections or defects.” Id. (citation omitted).
¶ 11. Knight is further instructive as to the plaintiffs burden of proof. In Knight, the plaintiff could not identify the point at which she fell, which prevented her from establishing a defect in the parking lot caused her fall. Id. Here, Ringo failed to state with cbnfidence that she fell due to the crack in the driveway. Ringo merely concluded that she lost her balance but could not identify what caused her imbalance. - ■
¶ 12. Therefore, we find, that Ringo could not maintain her claim without proving Collins and Wilson acted in a negligent manner. Thus, the trial court did. not err in granting summary judgment to them. This issue is without merit.
II, . Whether the trial court properly granted summary judgment on the issue of Wilson and Collins’s placement. of the dog and the dog’s dangerous propensities.
¶ 13. • Ringo also argues that the trial court erroneously determined that the dog lacked any dangerous propensity. The trial court determined that Ringo failed to prove the dog possessed any tendencies that supported her claim. In opposition, Ringo asserts the dog exhibited prior behavior consistent with a dangerous propensity, which meant Wilson and Collins acted *830 negligently in allowing the dog to remain outside unattended.
¶ 14. The supreme court has held that to hold a dog owner hable:
[T]here must be some proof that the animal has exhibited some dangerous propensity or disposition prior to the attack complained of, and, moreover, it must be shown that the owner knew or reasonably should have known of this propensity or disposition and reasonably should have foreseen that the animal was likely to attack someone.
Poy v. Grayson, 273 So.2d 491, 494 (Miss. 1973). Ringo asserted that the dog regularly barked at her, acted in an aggressive manner, and had to remain caged when others came to the house. The evidence also indicates that Wilson and Collins maintained the dog as a guard dog. Questions remain, however, whether this behavior rose to the level of a dangerous propensity or Wilson or Collins should have reasonably foreseen that the dog could attack another person.
¶ 15. In Mongeon v. A & V Enterprises, Inc., 733 So.2d 170, 172 (¶ 12) (Miss.1997), the supreme court held that a reasonable jury could find that an incident where dogs growled at one trailer-park resident “constituted an exhibition of a dangerous or vicious propensity.” In Poy, however, the supreme court relieved a dog owner of liability when the evidence showed that the dog who bit a garbage man exhibited no tendencies of barking or growling. Poy, 273 So.2d at 494. In this case, the evidence illustrated the dog previously barked around Ringo, but did not behave in a dangerous manner.
¶ 16. Ringo stated the dog acted aggressively toward her on previous occasions, but she could not point to any indication that the dog would or did attack. Further, during the incident, the dog remained tied up and could only bark at Ringo. Barking from a dog is not considered a propensity separate from its natural inclinations. See Poy, 273 So.2d at 494 (a dangerous propensity is one “which is not natural to the class of animals to which the offending animal [belongs]”). Therefore, the trial court correctly found Ringo failed to present sufficient evidence that the dog possessed dangerous tendencies in order to overcome summary judgment.
¶ 17. Ringo also attempts to characterize her claims as a unique combination of premises liability and dangerous propensity, as she argues the dog also made the premises unreasonably dangerous. In Penny Pinchers v. Outlaw, 61 So.3d 245, 248 (¶ 10) (Miss.Ct.App.2011), a jury found a store owner was seventy percent liable for a customer’s injuries when she ran into a freezer after being startled by the store owner’s small dog. This Court, however, reversed the judgment and determined that the dog’s presence in the store did not create an unreasonably dangerous premises and the store owner could not foresee the plaintiffs reaction to the dog. Id. at 249-50 (¶ 19). Like in Penny Pinchers, Ringo failed to show how the dog’s presence on the property created an unreasonably dangerous premises.
¶ 18. We find no merit to this issue.
¶ 19. THE JUDGMENT OF THE MONTGOMERY COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P. J. GREENLEE, J., NOT PARTICIPATING.