ISHEE, J.,
DISSENTING:
¶ 14. With regard to the majority opinion, I respectfully dissent. In 2010, Rogers fell inside Island View Casino Resort in Gulfport. Island View is owned and operated by Gulfside Casino Partnership. Rogers contacted Gulfside the day after her fall claiming Gulfside was negligent and contributed to her purported injuries. Gulfside disputed her allegations. In 2013, Rogers filed suit in the Harrison County Circuit Court against Gulfside regarding the incident. In 2014, Gulfside filed a motion for summary judgment, which the circuit court granted in 2015. Finding error, I would reverse and remand for further proceedings.
STATEMENT OF FACTS
¶ 15. On October 12, 2005, Rogers and her husband filed a Chapter 13 petition for bankruptcy. As part of the proceedings, they filed a schedule disclosing all debts *1281 and assets available to them. Additionally, they were required to' notify their bankruptcy trustee and file an amended schedule if any asset or potential asset accrued, including a potential lawsuit, prior to the disposal of their petition by the bankruptcy court. Their bankruptcy debt was discharged on October 4, 2010, but the order closing the bankruptcy proceeding was not entered until March 14, 2011.
¶ 16. On March 30, 2010, Rogers visited Gulfside’s property—the Island View Casino. Resort. While there, Rogers slipped and fell. The next day, she contacted Tony Vanderslice, Gulfside’s risk manager, and made a personal-injury claim. Vanderslice submitted her claim to Gulfside’s insurance carrier, but the claim was ultimately denied. Subsequently, in March 2013, Rogers filed suit against Gulfside regarding the slip and fall.
¶ 17. In 2014, Gulfside filed a motion for summary judgment in the circuit court. Gulfside asserted that Rogers was barred from pursuing her claim by virtue of judicial estoppel since she failed to disclose the March 2010 slip and fall as a potential cause of action to her bankruptcy trustee prior to the disposal of the bankruptcy proceedings in October 2010. The circuit court agreed, and granted the motion for summary judgment. Rogers now appeals, claiming the circuit court erred when it granted the motion.
DISCUSSION
¶ 18. Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits,'if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). A de novo standard of review is applied to the grant of a motion for summary judgment. Kilhullen v. Kansas City S. Ry., 8 So.3d 168, 174 (¶ 14) (Miss. 2009). When reviewing such a motion, “the evidence must be viewed in the light most favorable to the party against whom the motion has been made.” Id. (quoting Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss. 1993)). However, the opposing party “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e).
¶ 19. In the case at bar, it is undisputed that Rogers’s bankruptcy proceedings were unresolved at the time she contacted Gulfside about her fall at the Island View. It is also undisputed that she failed to inform her bankruptcy trustee of the potential cause of action, contrary to the requirements of the bankruptcy proceedings. The supreme court addressed a similar factual scenario in Copiah County v. Oliver, 51 So.3d 205 (Miss. 2011). In Copiah County, Nancy Oliver filed for Chapter 13 bankruptcy and later filed a personal-injury action against Copiah County, Mississippi, prior to the close of her bankruptcy proceedings. Id. at 206 (¶¶ 3-4). Copiah County filed a motion for summary judgment, claiming that Oliver was judicially estopped from pursuing her personal-injury claim since she did not inform her bankruptcy trustee of the impending lawsuit and did not file an amended schedule. Id. at (¶ 5). The circuit court denied the motion for summary judgment, concluding that the bankruptcy court should be allowed to determine whether judicial estop-pel applied in the circuit-court action. Id. at (¶ 6). Copiah County filed an interlocutory appeal. Id. In response, the supreme court held:
To decide if judicial estoppel applies to Oliver’s suit against Copiah County, it must be determined whether she had a duty to disclose to the bankruptcy court her post-petition, post-confirmation *1282 claim. We believe our most prudent course is to allow the bankruptcy court to decide this question and to stay further proceedings until it has had an opportunity to do so. This course ensures that the present action is prosecuted in the name of the real party in interest.
Id, at 207 (¶ 11).
¶ 20. The distinguishing factor between Copiah County and the instant case is that the bankruptcy proceedings were already closed by the time Rogers filed her case, whereas in Copiah County, the bankruptcy proceedings were ongoing when the action was filed. Id. at 206 (¶ 3). Nonetheless, the bankruptcy proceedings were still open when Rogers’s action accrued. Rogers pursued a claim against Gulfside regarding the slip and fall when she called Gulfside’s risk manager the day after the incident. Hence, Rogers was aware that her alleged injuries and the circumstances from which the injuries arose constituted a potential asset. However, she failed to inform her bankruptcy trustee and did not file an amended schedule informing the bankruptcy court of the potential asset.
¶21. I find that Rogers’s case largely mirrors that of Copiah County, and would follow the logic of the supreme court therein. Hence, I would reverse and remand this case for the bankruptcy court’s review to determine whether Rogers had a duty to disclose her claim against Gulfside to her bankruptcy trustee.
IRVING, P.J., CARLTON, JAMES AND GREENLEE, JJ„ JOIN THIS OPINION.