KITCHENS, JUSTICE,
DISSENTING:
¶ 30, Because the trial court erred in granting summary judgment to Graceland on the basis of judicial estoppel, I respectfully dissent.
¶ 31. With regard to the standard of review, the majority holds that “the appropriate analysis requires an appellate court to use the abuse of discretion standard to review the trial court’s determination that judicial estoppel is or is not applicable” and “[t]hen, the appellate court would use the de novo standard to determine whether summary judgment was or was not appropriate.” Maj. Op. ¶ 12. The majority bases its holding that judicial estoppel is reviewed for an abuse of discretion on Kirk v. Pope, 973 So.2d 981, 986 (Miss. 2007) (citing Superior Crewboats, Inc. v. Primary P & I Underwriters, 374 F.3d 330, 334 (5th Cir. 2004)). But in Kirk, this Court was reviewing a motion for relief from judgment, filed pursuant to Rule 60(b) of the Mississippi Rules of Civil Procedure, through which the defendant had asserted judicial estoppel. Kirk, 973 So.2d at 986. A Rule 60(b) motion is reviewed for abuse of discretion. Kirk, 973 So.2d at 986 (citing Hartford Underwriters Ins. Co. v. Williams, 936 So.2d 888, 892 (Miss. 2006)).
¶ 32. Here, the defendants asserted judicial estoppel through a motion for summary judgment, filed pursuant to Rule 56 of the Mississippi Rules of Civil Procedure. When reviewing a trial court’s grant or denial of a motion for summary judgment, “ ‘this Court applies a de novo standard of review.’” Gibson v. Williams & Montgomery, P.A., 186 So.3d 836, 844 (Miss. 2016) (quoting Burleson v. Lathem, 968 So.2d 930, 932 (Miss. 2007)). Summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). “Further, this Court views the evidence in the light most favorable to the nonmoving party.” Gibson, 186 So.3d at 844 (citing Duckworth v. Warren, 10 So.3d 433, 436 (Miss. 2009)). “‘[T]he moving party has the burden of demonstrating that [no] genuine issue of material fact[] exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact.’” Gibson, 186 So.3d at 844 (quoting One South, Inc. v. Hollowell, 963 So.2d 1156, 1160 (Miss. 2007)).
¶ 33. In Copiah County v. Oliver, 51 So.3d 205, 206 (Miss. 2011), “Copiah County filed a motion for summary judgment, asserting that Oliver should be judicially estopped from pursuing her personal-injury claim because she had never amended her bankruptcy schedule of assets to reflect the existence of her claim against the county.” The majority in the present case, quoting the dissenting opinion from the Mississippi Court of Appeals, observed that the Oliver Court “ ‘did not review the merits of the trial court’s application of the doctrine of judicial estoppel.’” Maj. Op. ¶10 (quoting Adams v. Graceland Care Ctr. of Oxford, LLC, 208 So.3d 597, 605, 2015 WL 6685213, at *7 (Miss. Ct. App. Nov. 3, 2015) (Wilson, J., dissenting)), In *585 deed, the Oliver Court affirmed the denial of summary judgment because the United States Bankruptcy Court for the Southern District of Mississippi had not yet determined whether Oliver had a duty to disclose her personal injury claim to the bankruptcy court. Oliver, 51 So.3d at 205, 207.
¶ 34. In Gibson v. Williams, Williams & Montgomery, P.A., 186 So.3d 836, 844 (Miss. 2016), this Court applied a de novo standard of review to the trial court’s grant of summary judgment to the defendants, based — in part — on judicial estop-pel. In that case, this Court considered whether judicial estoppel applied to bar Bobby Gibson, a surviving husband who “had signed and joined .... various petitions filed throughout the estate proceedings,” from bringing a legal malpractice claim against the attorneys who handled the estate. Id. at 846-47. This Court noted the three elements which must “be met for judicial estoppel to apply: (1) the position must be clearly inconsistent with one taken during previous litigation; (2) the court must have accepted and relied on the previous position; and (3) the party must not have inadvertently taken the inconsistent position.” Id. at 846 (citing Kirk, 973 So.2d at 991).
¶ 35. This Court held that judicial estop-pel did not preclude Gibson’s legal malpractice action:
[Jjudicial estoppel applies only when the inconsistent position was not taken inadvertently. If [Gibson’s] assertions prove to be true, and his claims later prove to be meritorious, then he signed the petitions either because he had received bad advice from his attorney, or because his attorney had breached a fiduciary duty to him by failing to fully inform him of the implications of signing the petitions.
Gibson, 186 So.3d at 847. The Court continued: “[b]ased on [Gibson’s] allegations — which we must accept as true for purposes of summary judgment — we hold that, at the very least, [Gibson] inadvertently took these inconsistent positions, thus precluding judicial estoppel.” Id. (emphasis in original). After conducting a de novo review, this Court reversed the trial court’s grant of summary judgment to the defendants and remanded the case to the trial court. Id. at 840, 853.
¶ 36. This Court in Gibson applied a de novo standard of review in considering whether to apply judicial estoppel to Gibson’s legal malpractice claims. I respectfully disagree that the Court of Appeals plurality erred in its application of that standard to the present case. The defendants elected to raise judicial estoppel through a motion for summary judgment. Therefore, they are bound on appeal by the standard of review applicable to that procedural mechanism.
¶ 37. I also agree with the Court of Appeals’ plurality that the defendants failed to demonstrate that no genuine issue of material fact exists regarding whether Adams took the position in the suit inadvertently:[6] “[W]e cannot say that the evidence shows that Adams knowingly took inconsistent positions in the trial court and bankruptcy court.” Adams, 208 So.3d at 604, 2015 WL 6685213, at *6. It is true that Adams is her mother’s survivor and only heir and therefore the beneficiary of the present lawsuit. And it is true, as the majority points out, that “ ‘[t]he motivation sub-element is almost always met if a debtor fails to disclose a claim or possible *586 claim to the bankruptcy court’ ” and that “‘[m]otivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure.’ ” Love v. Tyson Foods, Inc., 677 F.3d 258, 262 (5th Cir. 2012) (internal citations omitted). Further, a motivation to conceal can be shown if the plaintiff “stood to ‘reap a windfall had [plaintiff] been able to recover on the undisclosed claim without having disclosed it to the creditors.’ ” Id. (quoting Superior Crewboats, Inc., 374 F.3d at 336). Nevertheless, even if a motive for concealment can be shown by the defendant, the Fifth Circuit has recognized that such showing is rebuttable by the plaintiff: “After [defendant] set out this motivation to conceal, it fell to [plaintiff] to show that the omission of his claims from his schedule of assets was inadvertent.” Love, 677 F.3d at 262.
¶ 38. Here, in response to the motion for summary judgment, Adams filed an affidavit in which she stated that “[i]n December, 2007, when my mother died, and in the months after, I did not even think about adding the lawsuit I filed for the terrible treatment she received from the Nursing Homes she stayed in. I had no idea that I was supposed to change my bankruptcy to show the lawsuit.” Further, Adams stated that “[a]s soon as I knew I was supposed to add the suit, I asked Mr. Guernsey at Thomas Reynolds’ office to do what he needed to do to make that happen” and that her “lawyer, Mr. Skouteris, did most of the talking to Mr. Guernsey.” She stated that “[i]n the Bankruptcy Court, I always answered every question honestly and told the truth to Mr. Reynolds and his staff members who prepared the papers.” She stated that she “never tried to hide anything and .... never told a lie” and that “[t]he last time I had anything to do with the Bankruptcy, except to pay into the Trustee was in 2005, before I even knew my mother was getting poor treatment from Graceland.”
¶ 39. Stewart Guernsey stated in his affidavit attached to Adams’s response to the motion for summary judgment that, on October 13, 2009, he filed Adams’s “Motion to Re-Open to add an additional asset, an unliquidated cause of action which had matured in late 2007 or early 2008” and that the motion had been granted on October 16, 2009. Guernsey then amended “schedules B and C[] to include the unlisted asset.” Guernsey, who interviewed Adams, stated that he “was convinced and remain so, that Ms. Adams was an ‘unsophisticated consumer’ who failed to list her lawsuit as a result of inadvertence only.” According to Guernsey, Adams had “indicated during our conversation that she had no idea that she should list a lawsuit that she filed four years after filing her bankruptcy.”
¶ 40. At her deposition, Adams was candid that she had not listed the lawsuit as an asset on her bankruptcy schedule of assets. She responded “[n]o” when asked whether she remembered, “as part of any of your bankruptcy proceedings, being asked whether or not you had any pending lawsuits[ ].”
¶ 41. The trial court found that, “based on Plaintiffs own affidavit and deposition testimony, [Adams] had knowledge of the facts supporting her cause of action prior to the discharge of her Chapter 13 proceeding.” But the defendants had filed a motion for summary judgment. Instead of determining whether a genuine issue of material fact existed as to whether Adams had taken inconsistent positions knowingly, the trial court resolved the ultimate disputed fact question. But the existence of a genuine issue of material fact requires that the trial court deny the defendant’s motion for summary judgment. The majority’s finding that the trial court’s factual determination is supported by the evidence perpetuates the trial court’s erroneous resolution of the fact question.
*587 ¶ 42. Judicial estoppel is analogous to a statute of limitations affirmative defense, which often is raised through a motion for summary judgment. This Court has recognized that “[c]onsistent with the Mississippi Rules of Civil Procedure, we are of the opinion that the question of the running of the statute of limitations to bar an action may also be the subject of a summary judgment if there exists no genuine issues of material fact concerning the question.” Smith v. Sanders, 485 So.2d 1051, 1053 (Miss. 1986). However, “[o]ccasionally the question of whether the suit is barred by the statute of limitations is a question of fact for the jury; ... as with other putative fact questions, the question may be taken away from the jury if reasonable minds could not differ as to the conclusion.” Id. See also Ridgway Lane & Assocs., Inc. v. Watson, 189 So.3d 626 (Miss. 2016); Lyas v. Forrest Gen. Hosp., 177 So.3d 412 (Miss. 2015); Holaday v. Moore, 169 So.3d 847 (Miss. 2015); Crawford v. Custom Sign Co., 138 So.3d 894 (Miss. 2014); Honeycutt v. Coleman, 120 So.3d 358 (Miss. 2013). No appreciable difference exists in the applicability of a statute of limitations affirmative defense and a judicial estoppel affirmative defense in the context of a motion for summary judgment.
¶43. Viewing these facts in the light most favorable to Adams, as we must do in reviewing a motion for summary judgment on appeal, I would hold that a genuine factual dispute exists regarding whether Adams’s positions in the bankruptcy court and in the trial court were inadvertently contrary. See Love, 677 F.3d at 262.
DICKINSON, P.J., AND KING, J., JOIN THIS OPINION.

. The United States Court of Appeals for the Fifth Circuit has held that a district court’s grant of summary judgment is reversible "if we find that there is a genuine factual dispute regarding whether [plaintiff] failed to disclose his claims inadvertently.” Love v. Tyson Foods, Inc., 677 F.3d 258, 262 (5th Cir. 2012) (citing F.R.C.P. 56(a)).